**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ervin Middleton, Jr.,<br><br>Petitioner<br><br>v.<br><br>The City of Henderson, *et al.*,<br><br>Respondents | Case No.: 2:26-cv-02959-APG<br><br>**Order Denying Motion for Leave to File, Dismissing and Closing Case**<br><br>[ECF No. 1] |

Pro se Petitioner Ervin Middleton, Jr. commenced this habeas action by filing a motion seeking leave to file his § 2241 petition for writ of habeas corpus. ECF No. 1. Middleton has been identified as a vexatious litigant and is subject to a prefiling injunction. *See Middleton v. NV Energy, et al.*, Case No. 2:20-cv-00638-KJD-VCF. He must seek leave of the court before filing any additional actions.

Following review of Middleton's filings in this action, I determine that the prefiling injunction is applicable. The petition plainly shows that Middleton is not entitled to habeas relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). Habeas Rule 4 allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

In addition, Middleton has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing a complete IFP application. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court.

It appears that Henderson Municipal Court issued an arrest warrant for Middleton's failure to appear at a court hearing. He asserts that the Municipal Court did not follow notice requirements and that the Municipal Court is engaging in bad faith and harassment. ECF No. 1-2 at 5.

Section 2241 is the proper basis for a habeas petition by a *state* prisoner who is not held "pursuant to the judgment of a State court," for instance a pre-trial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007). Middleton, however, is not a pre-trial detainee, a prisoner awaiting extradition, or a prison whose conviction has been reversed on appeal. He seeks federal judicial intervention in a pending municipal proceeding, which is simply not available to him. *E.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case. *Id.* at 46.

Middleton's disagreement with the court of his municipal court proceedings and conclusory allegations in support thereof are not the type of unusual circumstances that might justify an exception to *Younger* abstention. Middleton may attempt to obtain the relief he seeks via his pending municipal court proceedings or by filing an original habeas action in state court. This action will be dismissed without prejudice.

I THEREFORE ORDER:

1. Petitioner Ervin Middleton's Motion to Chief District Judge Seeking Leave to File (ECF No. 1) is DENIED.
2. This action is dismissed without prejudice. The Clerk of the Court is directed to enter judgment accordingly and close this case.
3. A certificate of appealability is denied because jurists of reason would not find debatable whether the court is correct in dismissing this action.

DATED: October 20, 2026

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE